# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **SHAWN M. MACON**, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 16 C 9254 |
| **COOK COUNTY**, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This Court's good friend and colleague Honorable John Darrah has found it necessary in recent months to pare down his calendar caseload, culminating in his decision to take senior status at the end of last month. Like its colleagues, this Court has received via random assignment a number of Judge Darrah's cases, including this one.

As it turned out, although such random reassignments (as take place, for example, when we are joined by a new colleague) generally reflect varying levels of activity, this case did not: Judge Darrah had given pro se plaintiff Shawn Macon ("Macon") more than one deadline to bring this lawsuit into a posture in which it could move forward, but Macon has simply neglected to do so. Back on October 21, 2016 Judge Darrah had sent a judicial shot across Macon's litigation bow with no success -- Macon ignored the warning of an imminent dismissal if he did not comply with Judge Darrah's order of that date. Then Judge Darrah's most recent deadline was set in an order issued January 11, 2017, which imposed a January 20, 2017 deadline on pain of dismissal if it went unheeded, and yet Macon has gone well over a month beyond that drop-dead date without taking any action whatever.

Accordingly this Court will implement Judge Darrah's last warning, and both Macon's Complaint and this action are dismissed with prejudice. And because this Court has just learned through an Executive Committee order that three other Macon cases on Judge Darrah's calendar were later reassigned to this Court -- Case Nos. 15 C 5236, 15 C 5238 and 15 C 8869[1] -- this Court has requested Judge Darrah's files on those three cases from his staff people.

That request brought scant returns (really an understatement): (1) a modest group of documents in Case No. 15 C 5236, culminating with an unacted-upon January 25, 2017 motion to vacate a very-recently-entered default judgment; (2) no papers at all in Case No. 15 C 5238; and (3) just a single document (Macon's original Complaint) in Case No. 15 C 8869. This Court is simply not in a position to take on those three cases in what appear to be varying stages of desuetude, and it is also worth noting that if Judge Darrah had acted as he had forecast by an earlier dismissal of Case No. 16 C 9254 (as this Court has just done), this Court would not have inherited those other three Macon cases to begin with.

Hence this Court is contemporaneously exercising its senior judge's prerogative under 28 U.S.C. § 294(b) to decline the reassignment of the other three Macon cases to its calendar. It is executing separate orders to that effect.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 6, 2017

---

[1] Those cases presumably came to Judge Darrah originally because pro se prisoner plaintiff Macon had become his "pen pal" under the principle articulated by this District Court's LR 40.3(b)(1)(B).